DOMIGAN, APPELLEE, *v.* GILLETTE, APPELLANT.

(No. 1848—Decided May 2, 1984.)

*Jack P. Reynard, Jr.,* for appellee.
*Paul R. F. Princi,* for appellant.

WEBER, J. On March 25, 1983, in the Juvenile Division of the Clark County Probate Court, a jury found appellant Kevin Gillette to be the father of twin boys born on August 29, 1977, to appellee Deanna Domigan. On April 5, 1983, the trial court entered its judgment of paternity, from which appellant has timely appealed.

As his first assignment of error, appellant claims the trial court erred in refusing to grant his motion to dismiss at the close of appellee's case. The basis of appellant's motion was the appellee's alleged failure to carry her burden of proof.

In Ohio, paternity proceedings are governed by R.C. 3111.01 *et seq.* R.C. 3111.08 states that the nature of an action brought pursuant to R.C. 3111.01 *et seq.* is "* * * a civil action and shall be governed by the Civil Rules * * *." See *Sheppard* v. *Mack* (1980), 68 Ohio App. 2d 95 [22 O.O.2d 104]. Accordingly, the requisite standard by which a plaintiff must prove her case is proof by a preponderance.

Appellant argues that appellee failed to meet her burden because a conflict existed in the evidence presented at the close of appellee's case, as appellant's testimony was in conflict with appellee's testimony concerning the occurrence of sexual relations between the parties.

Civ. R. 50(A)(4) directs the trial court to construe the evidence most strongly in favor of the party against whom the motion to dismiss is directed and only if the trial court finds, upon any determinative issue, that reasonable

minds could come to but one conclusion and that conclusion is adverse to the non-moving party, shall a directed verdict be sustained. See Civ. R. 50(A)(4). In making this determination, the court may neither consider the weight of the evidence nor the credibility of the witnesses. Thus, "* * * 'if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied. * * *' * * *" *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282, 284-285 [21 O.O.3d 177].

In our opinion, appellee presented substantial competent evidence to support her case, if believed, and thus the trial court correctly dismissed appellant's motion.

The assignment of error is overruled.

As his second assignment of error, appellant contends that the jury verdict by which he was found to be the father of appellee's children was against the manifest weight of the evidence and not ultimately supported by a preponderance of the evidence. In developing this argument, appellant again raises the conflicts in the parties' testimony as to the occurrences of their sexual liaisons and the fact the evidence raises the possibility that someone other than the appellant could be the father.

While appellant maintained their relations were limited to a single incident in October, appellee testified they engaged in sexual activity on several occasions until mid-December 1976. The parties agree they last met when appellee informed appellant she was pregnant.

The contentions raised by this assignment involve issues of fact. Factual questions rest within the exclusive domain of the trier of fact, and, as an appellate court, we may not substitute our judgment for that of the fact finder. In this case, the jury was at liberty to believe some, all, or none of the testimony presented. See *Swan* v. *Skeen* (1974), 40 Ohio App. 2d 307 [69 O.O.2d 278].

R.C. 3111.10 provides that evidence relating to paternity may include:

"(A) Evidence of sexual intercourse between the mother and alleged father at any possible time of conception;

"* * *

"(E) All other evidence relevant to the issue of paternity of the child."

As part of her case in chief, appellee presented her twin boys, aged seven, for the jury to view for purposes of comparing their physical characteristics and appearance with the appellant. Under R.C. 3111.10(E) such a viewing is permissible as a circumstance which the trier of fact may consider in determining paternity.

As there was some competent, credible evidence going to each element of plaintiff's case, the finding of the jury must be upheld on review. 44 Ohio Jurisprudence 3d (1983) 387, Evidence and Witnesses, Section 983, and *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261].

The assignments of error are overruled, and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

BROGAN, P.J., and KERNS, J., concur.