OPINION
{¶ 1} This is an appeal from a jury's finding of guilt as to one count of domestic violence.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The charges in this case arose from an incident which occurred on July 22, 2004. On said date, Appellant met Mariea Christner, his live-in girlfriend, at the end of her shift at the bar where they both worked. They decided to stay and have a few drinks after she got off work. They then accepted an invitation from the bartender, Brenda, to come to her house and "party". Before going to the Brenda's house, Appellant and Mariea stopped at home and picked up a bottle of Jim Beam bourbon to take with them. Once at Brenda's house, Appellant and Mariea continued to drink. At some point Mariea and Brenda stripped off their clothing and jumped into the pool. Mariea asked Appellant to join her but he refused. An argument ensued, eventually leading to Mariea getting in her car and leaving, only to return shortly thereafter, picking up Appellant and then heading for home. Appellant and Mariea continued to argue on the drive home. At one point, Mariea stopped the car, got out and began walking. At this point, all she was wearing was a tank top. Mariea eventually got back in the car and Appellant drove them home.
 {¶ 3} The argument continued once they got home with Appellant hitting Mariea at least two times in the head. One of the blows knocked her to the ground. She began to bleed profusely from a laceration to the back of her head. Mariea then ran to Appellant's mother's house and woke her up. Appellant's mother, Linda McLaughlin, took Mariea to the shower and attempted to clean up some of the blood on Mariea. Mariea called 911 shortly thereafter. When Appellant learned that Mariea had called the police, he got in Mariea's car and fled.
 {¶ 4} The paramedics and the police arrived on the scene. Mariea talked with police and the paramedics, telling them that she was punched several times in the face and knocked to the ground by Appellant. She stated that she struck her head on the floor when she fell as a result of one of the blows. The deputy at the scene took photographs of the puddle of blood on the floor where Mariea said she had fallen. The deputy also examined the rafter that formed the slanted ceiling in the loft apartment but found no blood in this area.
 {¶ 5} Mariea was eventually transported to the hospital. She was given IV's and put into a neck brace. The laceration on the back of head had to be closed with a staple. She was also diagnosed with a neck sprain, and an examination revealed two herniated discs in her lower back.
 {¶ 6} A warrant was issued for Appellant's arrest. He was arrested six days later, on July 28, 2004.
 {¶ 7} Appellant was charged with one count of domestic violence. The case was charged as a felony because Appellant had a prior domestic violence conviction.
 {¶ 8} Appellant entered a plea of not guilty and the matter proceeded to a jury trial. At trial, Appellant argued self-defense.
 {¶ 9} The jury rejected Appellant's claim of self-defense and found Appellant guilty as charged. The trial court sentenced Appellant to seventeen (17) months in prison.
 {¶ 10} Appellant now appeals his conviction and sentence, assigning the following as error:
 ASSIGNMENT OF ERROR {¶ 11} "I. THERE WAS INSUFFICIENT EVIDENCE TO FIND THE APPELLANT GUILTY OF DOMESTIC VIOLENCE AND HIS CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I. {¶ 12} Appellant argues that his conviction was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 13} Sufficiency of the evidence refers to the legal standard the trial court applies in determining whether the State has presented sufficient evidence on each element of the crime charged to submit the matter to the jury. The court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt. Sufficiency of the evidence is evidence which, if believed would convince the average mind. Thompkins at 386, 678 N.E.2d 541, citations deleted. Once a trial court has determined that the evidence is sufficient, it submits the matter to the jury, which acts as the trier of fact.
 {¶ 14} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. . . . The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Thompkins, supra. at 387, 678 N.E.2d 541,citing State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 15} Because the trier of fact is in a better position to observe the witnesses= demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 16} Appellant was convicted of domestic violence in violation of R.C. § 2919.25 which states the following:
 {¶ 17} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 {¶ 18} * * *
 {¶ 19} "(D)(1) Whoever violates this section is guilty of domestic violence.
 {¶ 20} * * *
 {¶ 21} "(3) Except as otherwise provided in division (D)(4) of this section, if the offender previously has pleaded guilty to or been convicted of domestic violence, a violation of an existing or former municipal ordinance or law of this or any other state or the United States that is substantially similar to domestic violence, a violation of section 2903.14, 2909.06, 2909.07, 2911.12, 2911.211, or 2919.22 of the Revised Code if the victim of the violation was a family or household member at the time of the violation, a violation of an existing or former municipal ordinance or law of this or any other state or the United States that is substantially similar to any of those sections if the victim of the violation was a family or household member at the time of the commission of the violation, or any offense of violence if the victim of the offense was a family or household member at the time of the commission of the offense, a violation of division (A) or (B) of this section is a felony of the fourth degree, and a violation of division (C) of this section is a misdemeanor of the second degree."
 {¶ 22} Appellant has not contested that he knowingly caused physical harm to Mariea, a family or household member. Instead, he has asserted self-defense.
 {¶ 23} In the case sub judice, the jury heard testimony from the victim Mariea Christner, Deputy Ryan Boettler and Appellant.
 {¶ 24} Appellant, himself, admitted to hitting the victim on two occasions: first when he was driving them home from the party and then again when they arrive at their home. (T. at 275-276, 280). Appellant claims that he was provoked into hitting Mariea and that she was hitting him and that his actions were in self-defense.
 {¶ 25} The trier of fact, in this case the jury, is vested with the authority to weigh the evidence and assess the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Moreover, the jury was free to believe some, all, or none of the testimony of any witnesses. Domigan v.Gillette (1984), 17 Ohio App.3d 228, 229.
 {¶ 26} Based upon a total review of the evidence, we find there was sufficient credible evidence to support the conviction, and no manifest miscarriage of justice.
 {¶ 27} Appellant's sole assignment of error is overruled.
 {¶ 28} This cause is affirmed.
Boggins, P.J., Hoffman, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to appellant.