The STATE of Ohio, Appellee,

v.

COUNTS, Appellant.

[Cite as *State v. Counts*, 170 Ohio App.3d 339, 2007-Ohio-117.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 06 CAA 05 0031.

Decided Jan. 7, 2007.

340

David A. Yost, Delaware County Prosecuting Attorney, and Alison Skinner Peters, for appellee.

Chad A. Heald, for appellant.

---

BOGGINS, Judge.

{¶ 1} Appellant, Jerry S. Counts, appeals his conviction and sentence entered in the Delaware County Court of Common Pleas on two counts of gross sexual imposition and one count of rape.

{¶ 2} Appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶ 3} On October 1, 2004, the Delaware County Grand Jury indicted appellant on two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(1), and one count of rape, in violation of R.C. 2907.02(A)(2).

{¶ 4} On November 5, 2004, the Delaware County Sheriff's Office arrested appellant.

{¶ 5} On November 19, 2004, appellant was arraigned, bond was set, and trial was scheduled for January 20, 2005.

{¶ 6} On January 18, 2005, appellant was released on his own recognizance and the trial was continued to February 24, 2005.

{¶ 7} On February 7, 2005, appellant filed a motion to continue. Trial was continued to March 31, 2005.

{¶ 8} On March 31, 2005, the trial court was informed that the state of Ohio and appellant wished to enter into a stipulated polygraph agreement. The court determined that appellant was entering into the agreement voluntarily and ordered him to fully comply with the terms of the stipulation. The court did not schedule further hearings because the results of the polygraph exam were expected to affect whether the case would proceed to trial. The parties scheduled a stipulated polygraph examination for June 9, 2005.

{¶ 9} On June 16, 2005, the state filed a motion to schedule a status conference. The court scheduled the status conference for June 28, 2005, and ordered appellant to appear.

{¶ 10} On June 28, 2005, appellant's attorney, Thomas C. Clark, filed a motion to withdraw. In support of his motion, Clark indicated that he had not had any contact with appellant since March 31, 2005. Clark stated that he had sent

numerous letters and made many telephone calls to appellant, all of which went unanswered.

{¶ 11} Appellant failed to appear for the status conference, and the trial court issued a warrant for his arrest. The trial court also granted Clark's motion to withdraw.

{¶ 12} On August 28, 2005, appellant was arrested on the outstanding warrant.

{¶ 13} On September 2, 2005, the trial court appointed him a new public defender.

{¶ 14} On September 6, 2005, appellant's new attorney filed a request for discovery. The state responded on September 21, 2005.

{¶ 15} The court held a bond hearing on September 14, 2005, and set bond in the amount of $100,000.

{¶ 16} On October 14, 2005, appellant's attorney requested a continuance because he had a previously scheduled trial on the November 8, 2005 trial date.

{¶ 17} On November 8, 2005, the trial court released appellant on his own recognizance.

{¶ 18} The trial court granted the state's motion for continuance based on the fact that the investigating officer was out of town. The trial was rescheduled for February 2, 2006, with a backup date of February 14, 2006.

{¶ 19} The trial ultimately commenced on February 14, 2006.

{¶ 20} Prior to commencing trial, the court heard arguments on the defendant's motion to dismiss the case due to a statutory speedy-trial violation. At the hearing, appellant's attorney conceded that the speedy-trial time clock started anew on August 28, 2005, the date appellant was rearrested after his failure to appear. However, appellant's attorney argued that 301 speedy-trial days had passed from appellant's rearrest to the trial date. He asserted that the time was not tolled by his October 14, 2005 request for continuance because the court knew that he had a scheduling conflict on that date and scheduled this case for trial anyway. Additionally, appellant had steadfastly opposed any continuance. Appellant requested a new attorney who would be available for the November 8, 2005 trial date. The court declined to appoint a new attorney because the appellant had caused the majority of the delay.

{¶ 21} The jury returned unanimous guilty verdicts as to all three counts (two counts of gross sexual imposition and one count of rape). The court sentenced Counts to a total prison term of seven years and designated him a sexually oriented offender.

{¶ 22} Appellant timely filed a notice of appeal, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶ 23} "I. The trial court committed reversible error in denying the defendant-appellant's motion to discharge the defendant-appellant and dismiss the indictment on the basis of a statutory speedy trial violation.

{¶ 24} "II. The jury's verdicts on all three counts were against the manifest weight of the evidence presented at the trial in this matter.

{¶ 25} "III. The trial court committed reversible error in allowing the state of Ohio to use a prior inconsistent statement of the alleged victim to attack the alleged victim's testimony during direct examination with no showing of surprise and affirmative damage as is required by Evid.R. 607."

I

{¶ 26} In his first assignment of error, appellant argues that the trial court erred in not finding that his right to a speedy trial had been violated. We disagree.

{¶ 27} R.C. 2945.71 provides:

{¶ 28} "(C) A person against whom a charge of felony is pending:

{¶ 29} "(1) * * *

{¶ 30} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest.

{¶ 31} "(D) A person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged, as determined under divisions (A), (B), and (C) of this section."

{¶ 32} A speedy-trial claim involves a mixed question of law and fact. *State v. Larkin*, Richland App. No. 2004–CA–103, 2005-Ohio-3122, 2005 WL 1463255. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Id.

{¶ 33} "The right to a speedy trial is guaranteed to all state criminal defendants by the Sixth and Fourteenth Amendments to the United States Constitu-

tion * * * and by Section 10, Article I of the Ohio Constitution." *State v. Riley,* 162 Ohio App.3d 730, 2005-Ohio-4337, 834 N.E.2d 887, ¶ 16. The Ohio General Assembly enacted the provisions in R.C. 2945.71 et seq. in an effort to prescribe " 'reasonable speedy trial periods consistent with these constitutional provisions.' " *Riley* at 735, 2005-Ohio-4337, 834 N.E.2d 887, quoting *State v. O'Brien* (1987), 34 Ohio St.3d 7, 8, 516 N.E.2d 218.

{¶ 34} When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state. In *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709, the court reiterated its prior admonition "to strictly construe the speedy trial statutes against the state."

{¶ 35} The time to bring a defendant to trial can be extended for any of the reasons enumerated in R.C. 2945.72, which provides:

{¶ 36} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

{¶ 37} "(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

{¶ 38} "(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

{¶ 39} "(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

{¶ 40} "(D) Any period of delay occasioned by the neglect or improper act of the accused;

{¶ 41} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

{¶ 42} "(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

{¶ 43} "(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

{¶ 44} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

{¶ 45} "(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending."

{¶ 46} "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." *State v. Riley*, 162 Ohio App.3d 730, 2005-Ohio-4337, 834 N.E.2d 887, ¶ 19.

{¶ 47} Appellant argues that the days that accrued prior to his rearrest on the bench warrant should be counted against his speedy-trial time.

{¶ 48} In *State v. Bauer* (1980), 61 Ohio St.2d 83, 15 O.O.3d 122, 399 N.E.2d 555, the Ohio Supreme Court held:

{¶ 49} "There is no justification for a rule which could require a court to reschedule, within a few days after his rearrest, the trial of a defendant who has forfeited his appearance bond. Such a holding would not comport with the realities of congested court dockets which are typically set months in advance.

{¶ 50} " * * *

{¶ 51} "It is our conclusion that a defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested."

{¶ 52} While the *Bauer* decision was predicated on a defendant's failure to appear at a trial, we find that the same rationale applies in this case, in which appellant failed to appear for his pretrial status conference, failed to appear for his stipulated polygraph test, and failed to remain in contact with his attorney.

{¶ 53} In the case sub judice, it is clear that the later trial date was the result of appellant's own conduct.

{¶ 54} We therefore find that appellant's speedy-trial time started over on August 28, 2005.

{¶ 55} From August 28, 2005, to September 5, 2005, appellant was held in the Delaware County Jail. Appellant is credited for three days for every one day spent in jail. Twenty-four days elapsed. (Eight times three equals 24 days.)

{¶ 56} Time was tolled from September 6, 2005, to September 21, 2005, on appellant's request for discovery. *State v. Brown*, 98 Ohio St.3d 121, 781 N.E.2d

159, syllabus ("A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)").

{¶ 57} Between September 21, 2005, and October 13, 2005, 23 days elapsed, which appellant spent in jail. (Twenty–three days times three equals 69 days.)

{¶ 58} Time was again tolled from October 14, 2005, to November 21, 2005, due to appellant's motion to continue.

{¶ 59} From November 22, 2005, to February 14, 2006, 85 days elapsed.

{¶ 60} Based on the above calculations, appellant was brought to trial within 270 days. (Twenty–four plus 69 plus 85 equals 178 days.)

{¶ 61} Appellant's first assignment of error is overruled.

## II

{¶ 62} In his second assignment of error, appellant argues that the jury verdict was against the manifest weight of the evidence. We disagree.

{¶ 63} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717. See, also, *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 20 OBR 215, 485 N.E.2d 717.

{¶ 64} Appellant was convicted of rape in violation of R.C. 2907.02(A)(2) and 2907.02(A)(1)(b) and gross sexual imposition in violation of R.C. 2907.05(A)(4):

{¶ 65} "R.C. 2907.02.

{¶ 66} "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

{¶ 67} "(a) For the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception.

{¶ 68} "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

{¶ 69} "(c) The other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age.

{¶ 70} "(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

{¶ 71} "R.C. 2907.05.

{¶ 72} "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

{¶ 73} " * * *

{¶ 74} "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."

{¶ 75} At trial, the state presented eight witnesses: Deputies Shawn Bobb and Anthony Banfield, who responded to the initial sexual-assault call; Detective Brian Blair, who investigated the case; Jordan Smith, Thomas Cooper, and Michael Smith, friends of the victim; Mary Jane Cross, RN, who performed the sexual-assault examination on the victim; and the victim, Lauren Baker.

{¶ 76} Lauren Baker's testimony alone, if believed by the jury, supported the verdict in this matter.

{¶ 77} The trier of fact, in this case the jury, is vested with the authority to weigh the evidence and assess the credibility of the witnesses. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Moreover, the jury was free to believe some, all, or none of the testimony of any witnesses. *Domigan v. Gillette* (1984), 17 Ohio App.3d 228, 229, 17 OBR 494, 479 N.E.2d 291.

{¶ 78} We conclude that the jury, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant committed the offense of gross sexual imposition and rape. Accordingly, appellant's convictions were not against the manifest weight of the evidence.

{¶ 79} Appellant's second assignment of error is overruled.

### III

{¶ 80} In his third assignment of error, appellant argues that pursuant to Evid.R. 607, the trial court erred in allowing the victim to review her prior written statement while on the witness stand. We disagree.

{¶ 81} Evid.R. 607 controls when a witness may be impeached and provides as follows:

{¶ 82} "(A) Who may impeach

{¶ 83} "The credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage. This exception does not apply to statements admitted pursuant to Evid. R. 801(D)(1)(a), 801(D)(2), or 803.

{¶ 84} "(B) Impeachment: reasonable basis

{¶ 85} "A questioner must have a reasonable basis for asking any question pertaining to impeachment that implies the existence of an impeaching fact."

{¶ 86} Upon review of the record in the case sub judice, we find that the state did not impeach its witness. Instead, the state provided the witness with her prior witness statement, which had been prepared in the summer of 2004, in accordance with Evid.R. 612, which specifically allows for the use of a writing to refresh a witness's memory.

{¶ 87} We find that Evid.R. 607 is inapplicable in the instant case because that rule is used when a party wants to impeach its witness with a prior inconsistent statement, which is not the case here. The state wanted to elicit testimony consistent with the witness's written statement. However, the witness failed to recall some of the facts in her original statement

{¶ 88} It is clear that the prosecutor expected the witness to testify consistently with the statement she had made to detectives after the incident. The witness had not reviewed her statement before she testified.

{¶ 89} Based on the above, we find this assignment of error not well taken.

{¶ 90} Appellant's third assignment of error is overruled.

{¶ 91} This cause is affirmed.

Judgment affirmed.

EDWARDS, J., concurs.

HOFFMAN, P.J., concurs separately.

HOFFMAN, Presiding Judge, concurring.

{¶ 92} I concur in the majority's analysis and disposition of appellant's second and third assignments of error.

{¶ 93} As to appellant's first assignment of error, I would not universally extend the Ohio Supreme Court's rationale in *Bauer* to cases involving a defendant's failure to appear at a pretrial. Failing to appear at a pretrial status conference is significantly different than failing to appear at a scheduled trial. In the case sub judice, appellant's failure to appear at the pretrial did not necessitate rescheduling a trial date. Unlike the situation in *Bauer*, no trial date had been set as of the date appellant failed to appear at pretrial.

{¶ 94} Nevertheless, I concur in overruling this assignment of error based on the invited-error doctrine. As noted by the majority, at the hearing on appellant's motion to dismiss, appellant's attorney conceded that the speedy-trial time clock started anew upon appellant's rearrest on August 28, 2005. Accordingly, appellant cannot now assert error in failing to count earlier than August 28, 2005.[1]

---

1. Appellant does not separately assign an ineffective-assistance-of-counsel claim. My opinion should not be read to imply that I would find such a claim meritorious had it been raised under the facts of this case, because I find the *Pearl* case relied upon by appellant to be factually distinguishable.