OPINION *Page 2 
{¶ 1} Defendant-Appellant, Daniel A. Askew, appeals from the judgment of conviction and sentence entered after Appellant was found guilty of Failure to Stop After an Accident, in violation of R.C. 4549.02, a misdemeanor of the first degree. Appellant was sentenced to eighteen months of community control, a fine, and a two-year license suspension. A timely Notice of Appeal was filed on February 12, 2007. On July 16, 2007, counsel for Appellant filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth the following proposed Assignments of Errors:
 I. {¶ 2} "THE VERDICT OF THE JURY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIIDENCE AND CONTRARY TO LAW.
 II. {¶ 3} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY IMPOSING A TWO YEAR SUSPENSION OF APPELLANT'S DRIVING PRIVILEGES WHICH NON MANDATORY PERIOD OF SUSPENSION WAS EXCESSIVE AND NOT SUPPORTED BY THE RECORD."
 {¶ 4} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) *Page 3 
allow his client sufficient time to raise any matters that his client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 5} Counsel for Appellant filed a Notice and Certification of Compliance with Court Order verifying he served Appellant with a copy of the proposed Assignments of Error and notice of his right to file his own brief. Appellant was sent this notice on July 12, 2007, however, he has not filed a pro se brief.
 {¶ 6} On or about September 17, 2007, Appellant, David Askew, was charged with one count of Failure to Stop After an Accident, in violation of R.C. 4549.02. Mr. Askew maintained he was unaware of the accident. Jeff Gordon, a business manager for Olentangy Local Schools, and not the professional race car driver, testified that he and two other neighbors were in his vehicle on an errand to return a tool they rented from Lowe's.
 {¶ 7} A green Toyota pulled out in front of Mr. Gordon, who swerved to the right to avoid the car. Mr. Gordon's vehicle then hit a median. A huge bang was heard as the tires and rims hit the island. As Jeff Gordon followed the Toyota, it was clear something was wrong with his car as the steering wheel was lopsided and his vehicle was thumping and vibrating.
 {¶ 8} Mr. Gordon was able to get beside the Toyota, and his passenger wrote down the license plate number. Mr. Gordon told Appellant they had written down his *Page 4 
license plate number, that he had caused an accident and asked for Appellant's phone number. Appellant responded, but Mr. Gordon could not make out what Appellant was saying. There was never any contact between Appellant's vehicle and Mr. Gordon's vehicle. There was no visible damage to Mr. Gordon's car other than scuff marks on the tires.
 {¶ 9} The testimony of Jeff Gordon was corroborated by his passenger, Richard Playko. Mr. Playko was able to hear Appellant apologize before Appellant absconded. He also described Appellant's speech as slurred and groggy. He believed Appellant was inebriated.
 {¶ 10} Ronald Pineda was the third person in Mr. Gordon's vehicle. He also corroborated the testimony of Mr. Gordon and Mr. Playko. Mr. Pineda elaborated on the Appellant's statement which was, "I'm sorry, I didn't see you."
 {¶ 11} Appellant testified he was on his way to his son's football game when Mr. Gordon's vehicle squealed. He saw the truck hit the median, however, since the truck appeared to continue on, he did not think an accident had occurred. Appellant claimed when the men pulled beside him, they were upset and asking for his phone number, but they never indicated there had been an accident. He testified he never heard any noises which would indicate an accident had occurred. Appellant denied having any alcohol and claimed to have just come from church where he sings in the choir. Appellant stressed he was upset because Mr. Gordon almost hit Appellant.
 {¶ 12} We now turn to Appellant's potential Assignments of Error. *Page 5 
 I. {¶ 13} In his first proposed Assignment of Error, Appellant argues his conviction was against the manifest weight of the evidence and contrary to law.
 {¶ 14} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. State v. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 388. An appellate court must make every reasonable presumption in favor of the judgment and Findings of Fact of the trial court. Karches v. Cincinnati (1988), 38 Ohio St.3d 12,19. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." State v. demons (1998), 82 Ohio St.3d 438, 444, citingState v. Jenks, 61 Ohio St.3d at 273. Therefore, this Court's "discretionary power * * * should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 15} The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness' credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". State v. Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, citing State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236. *Page 6 
 {¶ 16} Appellant was charged with failure to report an accident under R.C. 4549.02 which reads in part,
 {¶ 17} In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident or collision until the driver or operator has given the driver's or operator's name and address and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to any person injured in the accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision, or to any police officer at the scene of the accident or collision.
 {¶ 18} The State and the defense presented witnesses whose testimony conflicted. Witnesses for the State testified they alerted Appellant to the fact there had been an accident. Appellant claimed he did not hear them state an accident had occurred. The jury clearly believed the State's witnesses over Appellant.
 {¶ 19} The trier of fact, in this case the jury, is vested with the authority to weigh the evidence and assess the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366,227 N.E.2d 212, paragraph one of the syllabus. Moreover, the jury was free to believe some, all, or none of the testimony of any witnesses.Domigan v. Gillette (1984), 17 Ohio App.3d 228, 229, 17 OBR 494,479 N.E.2d 291.
 {¶ 20} The jury chose to believe the State's witnesses, and a conviction based upon the testimony presented by those witnesses is not against the manifest weight of the evidence.
 {¶ 21} Accordingly, Appellant's proposed first Assignment of Error is hereby overruled. *Page 7 
 II. {¶ 22} Appellant next argues the two-year license suspension which was imposed was not mandatory and not supported by the record.
 {¶ 23} R.C. 4549.02 provides in part,
 {¶ 24} The court, in addition to any other penalties provided by law, shall impose upon the offender a class five suspension of the offender's driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege from the range specified in division (A)(5) of section 4510.02 of the Revised Code.
 {¶ 25} R.C. 4510.02(A)(5) provides,
 {¶ 26} For a class five suspension, a definite period of six months to three years.
 {¶ 27} It is evident the license suspension under R.C. 4549.02 is in fact mandatory and not discretionary. The trial court was required to impose a license suspension within the range of a class five license suspension which is between six months and three years.
 {¶ 28} An individual has no substantive right to a particular sentence within the range authorized by statute. Gardner v. Florida (1977),430 U.S. 349, 358, 97 S.Ct. 1197, 1204-1205.
 {¶ 29} We will not reverse the trial court's sentencing decisions absent an abuse of discretion. State v. Kandel, 5th Dist. No. 04COA011,2004-Ohio-6987 at ¶ 7. We note that an abuse of discretion is more than an error of law or judgment; it implies that the lower court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994),71 Ohio St.3d 466, 470, 644 N.E.2d 331; State v. Moreland (1990), *Page 8 50 Ohio St.3d 58, 61, 552 N.E.2d 894; State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144.
 {¶ 30} A two-year suspension was selected by the trial court which is within the range of the class five suspension periods. Further, the trial court noted Appellant has two prior OVI convictions which would justify the increased length of suspension for this offense. The trial court did not abuse its discretion in imposing a two-year license suspension.
 {¶ 31} Accordingly, Appellant's proposed second Assignment of Error is hereby overruled.
 {¶ 32} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 {¶ 33} The judgment of the Delaware Municipal Court is affirmed.
Delaney, J. Gwin, P.J. and Hoffman, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware Municipal Court is affirmed.
Attorney Michael C. Hoague's motion to withdraw as counsel for Appellant is hereby granted. Costs taxed to Appellant. *Page 1