[Cite as *State v. Johnson*, 2017-Ohio-1043.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2016-0041 |
| | : | |
| THEODORE JOHNSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Licking County Court of
                                Common Pleas, Case No. 16-CA-41

JUDGMENT:                       AFFIRMED

DATE OF JUDGMENT ENTRY:         March 21, 2017

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

KENNETH W. OSWALT                          ROBERT C. BANNERMAN, ESQ.
LICKING CO. PROSECUTOR                     P.O. Box 77466
PAULA M. SAWYERS                           Columbus, OH 43207-0098
20 S. Second St., Fourth Floor
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant Theodore Johnson appeals from the May 17, 2016 Judgment Entry of the Licking County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On January 6, 2016, around 10:50 p.m., appellant was discovered unlocking an exit door at a Kroger store location in Licking County, Ohio. Appellant had a shopping cart full of items and admitted he was stealing the items to sell them for cash to another store. Police asked whether appellant had any contraband on him and appellant produced a napkin containing a white powder which he said was crushed Percocet. The substance was tested and determined to be .11 grams of heroin.

{¶3} Appellant was arrested on January 7, 2016 and remained incarcerated throughout these proceedings.

{¶4} On January 14, 2016, appellant was charged by indictment with one count of theft pursuant to R.C. 2913.02(A), a felony of the fifth degree, and entered a plea of not guilty.

{¶5} Pursuant to a Pretrial Entry dated February 17, 2016, a jury trial was scheduled for March 23, 2016. An additional notation on the entry states, "The parties agree that the speedy trial provisions require that the trial in this matter be held no later than: April 28, 2016; the last date for disposition under the Rules of Superintendence is 7-20-16."

{¶6} The jury trial did not proceed on March 23, 2016. A Judgment Entry on that date states a jury trial in an earlier-scheduled criminal matter took place and the instant case was thus continued "until the next available date."

{¶7}  On March 31, 2016, appellant was charged by superseding indictment with one count of theft pursuant to R.C. 2913.02(A), Count I, and one count of possession of heroin pursuant to R.C. 2925.11(A)(C)(6)(a), Count II.  Both offenses are felonies of the fifth degree.

{¶8}  The matter was scheduled for jury trial on April 21, 2016.

{¶9}  On April 12, 2016, appellant filed a "Demand for Testimony of State's Expert" pursuant to R.C. 2925.51, demanding that the person who tested the heroin or signed the report thereof appear and testify at trial.

{¶10} On April 14, 2016, appellee filed a motion to continue the jury trial because the B.C.I. forensic scientist was unavailable on the trial date of April 21, 2016 and appellant was unwilling to stipulate to the lab results.  The motion noted appellant's opposition to the motion to continue.

{¶11} On April 19, 2016, the trial court granted appellee's motion to continue and the jury trial was set for May 17, 2016.

{¶12} On May 13, 2016, appellant filed a Motion to Dismiss for Lack of Speedy Trial.  Appellee responded with a motion in opposition.

{¶13} On May 17, 2016, the trial court overruled appellant's motion to dismiss, stating in pertinent part:

> * * * *.
>
> The Court notes [appellant] was arrested January 7, 2016 and has been incarcerated since that date.  This case was originally scheduled for jury trial on March 23, 2016, well within his statutory and constitutional required 90-day speedy trial limit of April 6, 2016.  The March 23 date was

continued due to an older case going to trial that date to the date of April 21, 2016. Prior to the April 21 date, the case was continued on the basis of a necessary witness being unavailable for trial that date, continuing the case to May 17, 2016.

The case having been originally set within time and continued beyond the time dates for reasons for which is permissible to extend the speedy trial time and for reasons that toll [appellant's] right to speedy trial, the Court finds the motion to be not well taken and is DENIED [*sic*].

\* \* \* \*.

{¶14} On May 17, 2016, appellant appeared before the trial court and entered pleas of no contest. The trial court accepted appellant's pleas and sentenced him to two consecutive prison terms of 10 months each, for an aggregate term of 20 months.

{¶15} Appellant now appeals from the judgment entries of conviction and sentence entered on May 17, 2016.

{¶16} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶17} "APPELLANT WAS DENIED HIS SPEEDY TRIAL RIGHT."

**ANALYSIS**

{¶18} In his sole assignment of error, appellant argues the instant case should have been dismissed due to the trial court's denial of his right to a speedy trial. We disagree.

{¶19} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a

person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd,* 56 Ohio St.2d 197, 383 N.E.2d 579 (1978); *State v. Pachay,* 64 Ohio St.2d 218, 416 N.E.2d 589 (1980). Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Larkin,* 5th Dist. No.2004–CA–103, 2005–Ohio–3122, ¶ 11. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. *Id.* However, we must independently review whether the trial court properly applied the law to the facts of the case. *Id.* Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. *Brecksville v. Cook,* 75 Ohio St.3d 53, 57, 1996–Ohio–171, 661 N.E.2d 706.

{¶20} A person charged with a felony must be brought to trial within 270 days unless the right to a speedy trial is waived. R.C. 2945.71(D)(2). If a person is held in jail in lieu of bond, then each day that the suspect is in custody counts as three days. R.C. 2945.71(E). Pursuant to R.C. 2945.73, a person who is not brought to trial within the proscribed time periods found in R.C. 2945.71 and R.C. 2945.72 "shall be discharged" and further criminal proceedings based on the same conduct are barred. "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." *State v. Riley,* 162 Ohio App.3d 730, 2005–Ohio–4337, 834 N.E.2d 887, ¶ 19 (12th Dist.).

{¶21} Certain events toll the accumulation of speedy-trial time. R.C. 2945.72 states in pertinent part:

The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

* * * *.

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

* * * *.

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

* * * *.

{¶22} In the instant case, the relevant date of arrest is January 7, 2016. Pursuant to R.C. 2945.71(C)(2), appellee had 270 days to try appellant, subject to the triple-count provision of 2945.71(E) [April 5, 2016] and barring any tolling events.

{¶23} The record of this case, however, is replete with tolling events, the first of which is appellant's discovery demand (January 19, 2016) which tolled time until appellee responded (February 4, 2016) [16 days, or April 21, 2016]. *State v. Counts*, 170 Ohio App.3d 339, 2007–Ohio–117, 867 N.E.2d 432, ¶ 56 (5th Dist.), citing *State v. Brown*, 98 Ohio St.3d 121, 781 N.E.2d 159, syllabus ["A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)"]; *State v. Barcus*, 5th Dist. Licking No. 15-CA-12, 2015-Ohio-2255, ¶ 27.

{¶24} The next tolling event occurred on March 23, 2016, when the trial court issued a judgment entry sua sponte continuing the jury trial to an unspecified date. See, *State v. Cook*, 2016-Ohio-2823, 64 N.E.3d 350 (5th Dist.). Pursuant to R.C. 2945.72(H), any reasonable continuance granted other than upon the accused's own motion may extend speedy-trial time; here, the trial court noted an older criminal case was tried that day and the court was unavailable. When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial. *State v. Mincy,* 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), syllabus. The trial court complied with *Mincy.* See, *Cook*, supra, 2016-Ohio-2823 at ¶ 79.

{¶25} On March 31, 2016, the superseding indictment was filed.[1] The matter was scheduled for jury trial on April 21, 2016, which was still within speedy-trial limits. On April 12, however, appellant filed the "Demand for Testimony of State's Expert" requiring appellee's expert to appear at trial. On April 14, 2016, appellee filed a motion to continue the jury trial because the B.C.I. forensic scientist was unavailable on April 21, 2016; the motion was granted by the trial court on April 19, 2016 [tolling time for 7 days] and the jury trial was set for May 17, 2016 [tolling time for 28 days].

{¶26} Appellee's motion to continue was necessary because the absence of the forensic scientist could have rendered the B.C.I. drug test report inadmissible. See, *State v. Shivers*, 5th Dist. Tuscarawas No. 2002AP40029, 2003-Ohio-338. Continuances granted on the state's motion will toll the running of speedy trial time if the continuance is

---

[1] The filing of the superseding indictment premised upon the same facts as alleged in the original indictment is counted against the state if the defendant is held in jail. See, *State v. Broughton*, 62 Ohio St.3d 253, 259–60, 581 N.E.2d 541 (1991).

reasonable and necessary under the circumstances of the case. *State v. Hersman*, 5th Dist. Licking No. 98 CA 59, 1998 WL 817764, *2, citing *State v. Saffell*, 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (1988). The record must affirmatively demonstrate that the continuance was reasonable and necessary. Id*.* A continuance must be journalized before the expiration of the time limit specified in R.C. 2945.71. Id., citing *State v. King*, 70 Ohio St.3d 158, 162, 637 N.E.2d 903 (1994) and *Mincy*, supra, 2 Ohio St.3d 6 at syllabus. The reasonableness of a continuance is determined by examining the purpose and length of the continuance as specified in the record. Id., citing *State v. Lee*, 48 Ohio St.2d 208, 210, 357 N.E.2d 1095 (1976). "[I]t is difficult, if not unwise, to establish a *per se* rule of what constitutes 'reasonableness' beyond the ninety-day stricture of R.C. 2945.71. Invariably resolution of such a question depends on the peculiar facts of a particular case." *Saffell,* supra, 35 Ohio St.3d at 91.

{¶27} In the instant case*,* the trial court granted appellee's request for a continuance because the B.C.I. forensic scientist was unavailable to testify on April 21, 2016.  In *Saffell,* the Ohio Supreme Court held a continuance based on the arresting officer's unavailability on the trial date was not unreasonable. Id*.* at 92.  Here, we find the trial court's decision continue the trial due to the unavailability of the forensic scientist was reasonable and necessary, and therefore tolled the running of speedy trial time under R.C. 2945.72(H). We also note the trial court granted appellee's request for continuance prior to the expiration of the April 21 deadline.  *Hersman*, supra, 5th Dist. Licking No. 98 CA 59, 1998 WL 817764, *2.  The continuance to May 17, 2016 was not unreasonable under the circumstances.

{¶28} We find appellant's speedy-trial rights were not violated. Appellant further argues, though, the trial court was required to hold a hearing on his motion to dismiss on speedy trial grounds. Appellant speculates that at such a hearing, he could have established appellee "could have obtained a replacement analyst" to testify to the contents of the B.C.I. report on the testing of the heroin. We find this argument to be directly contrary to his own "Demand for Testimony of State's Expert" of April 12, 2016, in which he "demand[ed] the testimony of any expert **who prepared the report or testimony of the person signing the report**." (Emphasis added.)

{¶29} Moreover, as we have observed, "there is no statute, Rule of Criminal Procedure or case law which requires a trial court to conduct an evidentiary hearing on a motion to dismiss for want of speedy trial, and a number of courts have found that the trial court need not hold an evidentiary hearing on a speedy trial motion if the court is able to determine the issue from the record." *State v. Rucker*, 5th Dist. Richland No. 12CA39, 2013-Ohio-2493, ¶ 22, citing *State v. Freeman,* 8th Dist. No. 85137, 2005–Ohio–3480, ¶ 62, reversed on other grounds in *In re Ohio Criminal Sentencing Statutes* Cases, 109 Ohio St.3d 313, 2006–Ohio–2109, 847 N.E.2d 1174, citing *Whitehall v. Rovnak,* 10th Dist. Franklin No. 92AP–919, 1992 WL 385944 (Dec. 24, 1990); *State v. Wilson,* 5th Dist. Holmes No. 323, 1981 WL 6089 (Jan. 22, 1981).

{¶30} Upon our independent review, we find the trial court's findings of fact in its decision overruling the motion to dismiss are supported by competent, credible evidence. Appellant's sole assignment of error is this overruled.

**CONCLUSION**

{¶31} Appellant's sole assignment of error is overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By:  Delaney, P.J. and

Wise, J.

Baldwin, J., concur.