[Cite as *State v. Hamilton*, 2023-Ohio-4192.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. CT2023-0025 |
| JONATHAN HAMILTON | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:    Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2022-
0025


JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    November 20, 2023


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant

RON WELCH, ESQ.                    CHRIS BRIGDON
Muskingum County Prosecutor        8138 Somerset Road
27 North Fifth Street                Thornville, Ohio 43076
P.O. Box 189
Zanesville, Ohio 43702

*Hoffman, P.J.*

{¶1}　This matter comes before the Court upon the *Anders* brief filed by counsel for defendant-appellant Jonathan Hamilton, following a jury trial.

## STATEMENT OF THE CASE

{¶2}　On October 20, 2022, the Muskingum County Grand Jury indicted Appellant on four (4) counts of endangering children, in violation of R.C. 2919.22(B)(1) and (E)(2)(d), felonies of the second degree; eight (8) counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4) and (B), with attendant sexually violent predator specifications, felonies of the third degree; and nine (9) counts of rape, in violation of R.C. 2907.02(A)(1), with attendant sexually violent predator specifications, felonies of the first degree.　Appellant appeared before the trial court for arraignment on November 2, 2022, and entered a plea of not guilty to the Indictment.

{¶3}　The matter proceeded to jury trial on March 27, 2023.　After three days of testimony, the jury found Appellant guilty of eight (8) counts of gross sexual imposition and seven (7) counts of rape, but not guilty of the four (4) counts of endangering children and two (2) of the rape counts.　On April 17, 2023, the trial court sentenced to a period of incarceration of two (2) years to life plus three (3) mandatory prison terms of life without parole.　Appellant filed a timely Notice of Appeal on April 25, 2023.

{¶4}　On July 14, 2023, counsel for Appellant filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating there are no meritorious issues for appeal and thus, these matters are wholly frivolous.　Counsel did not set forth any potential assignments of error, but included two subsections which we shall consider as potential assignments of error:

I. JURY TRIAL

II. SENTENCING

*Anders v. California*

**{¶5}** In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶6}** "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen,* 2nd Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4; *State v. Marbury,* 2nd Dist. Montgomery App. No. 19226, 2003-Ohio-3242, ¶ 7-8; *State v. Chessman,* 161 Ohio App.3d 140, 829 N.E.2d 748, 2005-Ohio-2511 (2nd Dist.), ¶ 16-17

(quoting the same)." *State v. Moore*, 2nd Dist. Greene App. No. 07-CA-97, 2009-Ohio-1416, ¶4.

{¶7} Counsel for Appellant included a Certificate of Service, verifying he served Appellant with a copy of the brief. This Court issued a judgment entry notifying Appellant his counsel filed an *Anders* brief, and informing Appellant he could file a pro se brief within sixty days of the entry. Appellant has not filed a pro se brief and this Court has not received a responsive brief from the state.

{¶8} We now turn to the potential assignments of error.

I.

{¶9} In the subsection "Jury Trial," counsel for Appellant reviews a potential challenge to the sufficiency and weight of the evidence.

{¶10} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

**{¶11}** In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶12}** A jury is free to accept or reject any and all of the evidence offered by the parties and assess the witness' credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". *State v. Craig* (Mar. 23, 2000), Franklin App. No. 99AP-739, citing *State v. Nivens* (May 28, 1996), Franklin App. No. 95APA09-1236.

**{¶13}** The trier of fact, in this case the jury, was vested with the authority to weigh the evidence and assess the credibility of the witnesses. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Moreover, the jury was free to believe some, all, or none of the testimony of any witnesses. *Domigan v. Gillette* (1984), 17 Ohio App.3d 228, 229, 17 OBR 494, 479 N.E.2d 291.

**{¶14}** The jury found Appellant not guilty of the four (4) endangering children counts and two (2) of the nine (9) rape counts. These verdicts indicate the jury carefully assessed all of the evidence presented at trial; therefore, we would not find the jury clearly

lost its way and created such a manifest miscarriage of justice that the convictions must be overturned and a new trial ordered.

**{¶15}** Upon our review of the record, we find Appellant's convictions are supported by sufficient evidence and are not against the manifest weight of the evidence. We agree with appellate counsel there is no merit to a potential challenge to the sufficiency or weight of the evidence.

II.

**{¶16}** In the subsection "Sentencing," counsel reviews a potential challenge to Appellant's sentence.

**{¶17}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶18}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

**{¶19}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the

effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶20}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

**{¶21}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 1163 Ohio St.3d 242, 69 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

**{¶22}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant

within the permissible statutory range." *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, 2021 WL 1714216, ¶¶ 14-16 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶23}** Upon our review of the record, we find Appellant's sentence is not clearly and convincingly contrary to law. The trial court considered the principles and purposes of R.C. 2929.11, and the factors set forth in R.C. 2929.12. The sentences were within the permissible statutory ranges. We agree with appellate counsel there is no merit to a potential challenge to Appellant's sentence.

**{¶24}** For these reasons, after independently reviewing the record, we agree with counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

**{¶25}** The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, P.J.
Delaney, J. and
King, J. concur