Swan, Appellee; Swan, Appellant, *v.* Skeen, Appellee.

[Cite as Swan v. Skeen (1974), 40 Ohio App. 2d 307.]

(No. 73AP-343—Decided February 19, 1974.)

*Messrs. Volkema & Pees,* for appellant.
*Messrs. Baldwin & Menapace* and *Mr. Alan Wayne Sheppard,* of counsel, for appellee.

Reilly, J. This is an appeal by plaintiff Leona A. Swan, the appellant, from a judgment of the Court of Common Pleas of Franklin County.

The record indicates that appellant's husband was injured in an auto accident on Lockbourne Road, in the city of Columbus. It was undisputed that defendant, one appellee herein, ran into the back of an automobile operated by appellant's husband, the other plaintiff. The court found that defendant was negligent as a matter of law and directed the jury to find in favor of the plaintiffs.

The jury rendered a verdict for plaintiff's husband for $4,200, but found in favor of plaintiff for "no monies." Appellant filed a motion to set aside the verdict and to grant appellant a new trial. The trial court overruled these requests and counsel for appellant perfected this appeal.

Appellant now advances the following assignments of error:

"Assignment of Error No. 1

"The Trial Court committed prejudicial error in refusing to set aside the verdict which is inconsistent and incongruous with the Court's instructions.

"Assignment of Error No. 2

"The verdict is a product of passion and prejudice.

"Assignment of Error No. 3

"The verdict is against the manifest weight of the evidence."

Counsel have chosen to discuss them together. Consequently, we will follow the same pattern.

The trial court gave the standard charge concerning preponderance of the evidence, as follows:

"In determining whether an issue has been proved by a preponderance of the evidence, you should consider all of the evidence regardless of who produced it. If the weight of the evidence is equally balanced or if you are unable to determine which side of an issue has the preponderance, the party who has the burden of proof has not established such issue by a preponderance of the evidence."

The court also correctly charged the jury upon the credibility of the witnesses, as follows:

"To determine the preponderance of the evidence, you must consider the credibility of the witnesses. You will apply the tests of truthfulness which you apply in your own daily lives. These tests include the appearance of each witness upon the stand; his manner of testifying; the reasonableness of the testimony; the opportunity he had to see, hear and know the things concerning which he testified; his accuracy of memory; frankness or lack of it; the intelligence, interest and bias, if any, together with all the facts and circumstances surrounding the testimony. Applying these tests, you will assign to each witness such weight as you deem proper.

"You are not required to believe the testimony of any witness simply because he or she was under oath. You may believe or disbelieve all or any part of the testimony of any witness.

"It is your province to determine what testimony is

worthy of belief and what testimony is not worthy of belief, but, generally, a witness may not express an opinion. However, one who follows a profession, such as a doctor, may express his opinion because of his education, knowledge and experience. Such testimony is admitted for whatever assistance it may provide to help you to arrive at a just verdict."

A similar statement is included in 21 Ohio Jurisprudence 2d 708-709, Evidence, Section 682:

"* * * The jurors may give to the testimony of a witness much, little, or no weight. They are the exclusive judges of the credibility of the witnesses, for they have the opportunity to see and hear the several witnesses and observe their demeanor and conduct. In weighing the evidence of witnesses, the jury may take into consideration their means of knowledge, their good intentions, and their seeming honesty or lack of same, in the light of all the surrounding facts and circumstances in the case on trial, their respective opportunities for seeing and knowing the things about which they testify, their intelligence or want of intelligence, the accuracy of the witnesses' memory and of their recital of facts, the probability or improbability of their testimony, whether it is in itself reasonable and bears the mark of plausibility, their interest or absence of interest in the result of the suit, or their bias or prejudice for or against one or the other of the parties, which might color or affect their testimony. * * *"

Appellant was not a passenger in the automobile when the accident occurred. Her sole claim was for a possible loss of her husband's services. We note, respectfully, that the jury heard the testimony and, after proper instructions by the court, rendered a verdict. That, of course, is the jury's function. The jury did not tamper with the verdict form. They simply found for the appellant.

The verdict, in effect, was that there may have been damages but they had no value in "monies." In brief, the jury did not disregard the trial court's instructions, and there was not any suggestion of passion or prejudice. A review of the record does not indicate the jury lost its way

without sufficient evidence to support the verdict. Therefore, this court may not properly, in effect, assume the function of the trial court. (3 Ohio Jurisprudence 2d 819, Appellate Review, Section 809.) Accordingly, appellant's assignments of error are not well taken, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

TROOP, P. J., and STRAUSBAUGH, J., concur.