[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This appeal comes to us from a judgment issued by the Ottawa County Court of Common Pleas following the return of a jury's verdict on a negligence claim. The jury found in favor of appellee restaurant for burn injuries suffered by a customer's baby. The injuries were the result of a hot coffee spill. Because the jury's verdict was not against the manifest weight of the evidence, we affirm. Pursuant to 6th Dist.Loc.App.R. 12, we suasponte transfer this case to our accelerated docket and hereby render our decision.
Appellants, Robert and Kathleen Tipton, and their two children stopped to eat breakfast at PJ's Pancake and Steak House, appellee. During the meal, the Tiptons' nine-month old baby was burned when coffee spilled on him. The Tiptons sued appellee for burn injuries sustained by the baby and for other expenses and claims associated with the injuries. Appellee counterclaimed for indemnification from appellants, asserting that the Tiptons had been negligent in failing to exercise proper parental supervision and control. Appellee maintained that it was this negligence that caused or substantially contributed to their son's injuries.
At trial, the Tiptons, who were sitting in one of the restaurant booths, contended that the waitress had set a coffee carafe too close to their baby who was sitting in a car seat. The car seat had been placed on a highchair at the end of the booth's table. Both parents testified that they did not see the waitress bring the carafe to the table, nor were they warned of its presence. Furthermore, they did not see the carafe when the baby allegedly grabbed it and dumped it on himself. The mother testified that when this occurred, she jumped up and took the baby from the car seat.
In a video deposition, a doctor testified that the baby's injuries were consistent with being burned by coffee as described by the parents. Two other witnesses, a local restaurant manager and a waitress, also testified briefly as to the type of carafes used in restaurants and the method of serving hot food to customers.
Appellee's waitress also testified. She acknowledged that she did not specifically tell the parents she had placed the coffee carafe on the table. However, she maintained that she had placed the carafe at least twelve inches from the edge of the table directly between the parents who were seated opposite each other in the booth.
Another witness, a woman customer at the restaurant, testified that she was sitting within a few feet of the Tiptons when the incident occurred. The customer said that she saw the waitress place the carafe in the middle of the table between the two parents. The woman also testified that she saw the mother take the baby, who was fussing and crying, from the highchair and hold him on her lap. According to the woman customer, when the mother tried to pour a cup of coffee, the baby grabbed at the cup, dumping coffee on himself.
The jury returned a verdict in favor of appellee, specifically answering "no" to the following interrogatory:
 "WAS THE DEFENDANT, PJ'S PANCAKE AND STEAKHOUSE, NEGLIGENT AND DID THAT NEGLIGENCE DIRECTLY AND PROXIMATELY CAUSE ANY INJURY OR DAMAGE TO THE PLAINTIFF?"
The jury also found in favor of appellee as to its counterclaims against the parents. Appellants moved for a new trial which was denied by the trial court.
In their sole assignment of error, appellants contend that the jury's verdict was against the manifest weight of the evidence.
It is well-settled that, in civil actions:
 "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus.
Furthermore, the credibility of witnesses, the weight to be given their testimony, and the determination of conflicting testimony are questions of fact for the jury. Hardiman v. Zep Mfg. Co.
(1984), 14 Ohio App.3d 222, 226; Swan v. Skeen (1974), 40 Ohio App.2d 307,309.
To establish a cause of action in negligence, a plaintiff must show: (1) a duty on the part of the defendant to protect plaintiff from injury, (2) a breach of that duty, and (3) an injury proximately resulting from the breach. See Keister v.Park Centre Lanes (1981), 3 Ohio App.3d 19, 22-23. In the case of a business invitee, a business owner owes a duty to exercise reasonable care in keeping the premises in a safe condition and warning the invitee of any latent or concealed peril of which defendant had or should have had knowledge. Perry v. EastgreenRealty Co. (1978), 53 Ohio St.2d 51, 53. Where a danger is open and obvious, the defendant business owner may reasonably expect that persons will discover and protect themselves against the danger. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
In this case, the evidence is conflicting as to the events which caused the baby to be burned. The jury resolved the conflict by choosing to find that appellee did not breach its duty of reasonable care; rather, the jury found that the parents had been negligent in supervising and controlling their own child. Based upon our review of the record provided,[1] we conclude that the jury's verdict was supported by some, competent, credible evidence. It is, therefore, not against the manifest weight of the evidence.
Accordingly, appellants' sole assignment of error is not well-taken.
The judgment of the Ottawa County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _____________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
 _____________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] We are limited in our review to only the parts of the record ordered by the parties. Since the transcript is incomplete, we must presume the regularity of the trial court proceedings that were not included. See Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.