[Cite as *Hippely v. Lincoln Elec. Holdings, Inc.*, 2011-Ohio-5274.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96439**

---

# GREGORY P. HIPPELY

PLAINTIFF-APPELLANT

vs.

# LINCOLN ELECTRIC HOLDINGS, INC., ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-720689

**BEFORE:** E. Gallagher, J., Blackmon, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** October 13, 2011

**ATTORNEY FOR APPELLANT**

Kristen M. Kraus
Dworken & Bernstein Co., LPA
60 South Park Place
Painesville, Ohio    44077

**ATTORNEY FOR APPELLEE,
LINCOLN ELECTRIC HOLDINGS, INC.**

Glenn R. Jones
Jones, Funk & Associates
321 North Broadway Street
Medina, Ohio    44256

**ATTORNEY FOR APPELLEE,
BUREAU OF WORKERS' COMPENSATION**

Sandra L. Nimrick
Assistant Attorney General
State Office Bldg., 11th Floor
615 West Superior Avenue
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, J.:

{¶ 1}   Appellant Gregory Hippely appeals from a jury verdict in favor of appellee Lincoln Electric Holdings, Inc. ("Lincoln Electric") entered in the Cuyahoga County Court of Common Pleas on December 9, 2010 and the trial court's January 25, 2011 denial of his motion for a judgment notwithstanding the verdict and motion for a new

trial.   For the following reasons we affirm.

{¶ 2}   Appellant began working at Lincoln Electric on June 8, 1970.   Appellant's employment at Lincoln Electric included positions as welder, lathe operator, and gang leader.  (Tr. 142-144.)   On October 4, 2001, appellant was injured while in the course of, and arising out of, his employment with Lincoln Electric.   Appellant suffered injury while repeatedly moving an I-beam.   Appellant's worker's compensation claim was allowed for the conditions of  "sprain lumbar region, sprained right shoulder, tear of right rotator cuff and displacement at L2-3 and L5-S1."   (Tr. 9.)

{¶ 3}   Appellant was treated by Dr. Jeffrey Shall, M.D., an orthopedic surgeon, who recommended that appellant have back surgery. (Tr. 150-151.)   Due to his concerns about the potential risks and side effects of such surgery and his concern that he would be unable to return to work, the appellant refused the procedure. (Tr. 152.)

{¶ 4}   Appellant returned to work after one month but was limited to light duty. Lincoln Electric accommodated the restrictions that appellant's physician placed upon his work and appellant was given a job in the cafeteria.   Appellant worked in the cafeteria from January 16, 2002, until January 18, 2008, when appellant testified that he was unable to continue working due to back pain. (Tr. 157-158.)   Appellant was awarded temporary total disability at that time and was continuing to receive those benefits at the time of trial. (Tr. 175-176.)   Lincoln Electric terminated appellant's employment on June 15, 2009, and placed him in "retiree" status.

{¶ 5}  On July 10, 2009, appellant moved the Bureau of Workers' Compensation ("Bureau") for an additional allowance for the condition of major depressive disorder, single episode, mild.   Appellant's claim was allowed by the Bureau and Lincoln Electric filed a notice of appeal of the Industrial Commission's order in the Cuyahoga County Court of Common Pleas on March 9, 2010.   The case proceeded to trial and the jury returned a verdict in favor of Lincoln Electric.   Appellant did file a motion for judgment notwithstanding the verdict, as well as a motion for a new trial, both of which the trial court denied.   Appellant appealed from the judgment of the trial court and the denial of his motions, asserting the three assignments of error contained in the appendix to this opinion.

{¶ 6}  Appellant argues in his first assignment of error that the jury's verdict was against the manifest weight of the evidence.

{¶ 7}  It is a basic principle of appellate review that judgments supported by competent, credible evidence going to all the material elements of a case must not be reversed as against the manifest weight of the evidence.  *Berry v. Lupica*, Cuyahoga App. No. 95393, 2011-Ohio-3464, at ¶21, citing *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus; *Gerijo, Inc. v. Fairfield*, 70 Ohio St.3d 223, 226, 1994-Ohio-432, 638 N.E.2d 533.   "We therefore indulge every reasonable presumption in favor of the trial court's judgment, and to the extent that the evidence is susceptible to more than one interpretation, we construe it consistently with

the jury's verdict." Id. (Internal citations omitted.)

{¶ 8} "[I]t is for the trial court to resolve disputes of fact and weigh the testimony and credibility of the witnesses." *Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 23, 550 N.E.2d 178, 180. That is, an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge. *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.

{¶ 9} In the case sub judice, both parties' experts agreed that appellant suffered from Major Depressive Disorder but disagreed at trial as to whether appellant's 2001 injury was a proximate cause of his depression. The sole question before the jury was whether appellant's October 4, 2001 injury was a proximate cause of his depression.

{¶ 10} "[A]n injury may have more than one proximate cause. * * * [W]hen two factors combine to produce damage or illness, each is a proximate cause." *Musil v. Truesdell*, Cuyahoga App. No. 93407, 2010-Ohio-1579, quoting *Murphy v. Carrollton Mfg. Co.* (1991), 61 Ohio St.3d 585, 587-588, 575 N.E.2d 828. The trial court provided an instruction to the jury consistent with this point of law.

{¶ 11} Appellant testified that he first felt symptoms of depression when he started working in the cafeteria. (Tr. 180.) Appellant stated that he hated working in the cafeteria and that the job was degrading. (Tr. 156.) He was embarrassed when confronted with former co-workers who looked down upon his cafeteria job and he felt

"worthless." (Tr. 156.) Appellant testified that he became more depressed when he realized he would be permanantly working in the cafeteria. (Tr. 160.) Appellant testified that he wanted to recover and get out of the cafeteria job but that did not happen and his depression worsened over time. (Tr. 161.) Appellant testified that the pain in his back persisted and that it increased to a point where he could no longer take it in January of 2008. (Tr. 187.)

{¶ 12} Appellant presented the expert testimony of Dr. Donald Weinstein, Ph.D., a psychologist who evaluated appellant. Dr. Weinstein explained that pain, sleeplessness, irritability, and depression can become interrelated. (Tr. 53-56.) Dr. Weinstein testified that as pain increases, depression can worsen. (Tr. 67.) Appellant complained to Dr. Weinstein of being in constant pain. (Tr. 56.) Dr. Weinstein found appellant's pain level and depression to be related. Dr. Weinstein opined, to a reasonable degree of psychological certainty, that the cause of appellant's major depressive disorder was his 2001 injury. (Tr. 72.) Dr. Weinstein did admit that the loss of appellant's employment was one of the causes of his depression. (Tr. 91.) Dr. Weinstein further noted that there was no indication of appellant suffering from depression prior to October of 2008. (Tr. 90.)

{¶ 13} Appellant argues that the jury heard no psychological testimony disputing his expert's opinion that his major depressive disorder was proximately caused by his 2001 injury. A review of the record reveals this not to be the case. Lincoln Electric

presented the expert testimony of Dr. Joel Steinberg, M.D., a physician who practices in psychiatry. (Tr. 212.) Dr. Steinberg examined and evaluated appellant in August of 2009. Dr. Steinberg opined, to a reasonable degree of medical and psychiatric certainty, that the primary cause of appellant's major depressive disorder was the loss of work, his continuing unemployment, and his negative feelings concerning the way his employment with Lincoln Electric came to an end. (Tr. 239.) On appeal, appellant takes issue with Dr. Steinberg's use of the phrase "primary cause." When asked to clarify at trial, Dr. Steinberg testified that appellant not working was not the only cause of his depression. Dr. Steinberg cited as other factors appellant's feelings in regards to being "fired" and the death of appellant's father shortly before appellant ceased working. (Tr. 253.)

{¶ 14} Dr. Steinberg testified that appellant was hurt, angry, and disappointed about being terminated from Lincoln Electric. (Tr. 230.) Appellant felt abandoned and not working made him feel worthless. (Tr. 230.) Steinberg concluded that appellant's depression began when he was unable to work even his menial cafeteria job. (Tr. 234.) While Dr. Steinberg stated that he could not "completely exclude" chronic pain as a cause of appellant's depression, he testified that he did not relate appellant's depression to chronic pain from the 2001 injury due to the long lag time between the injury and the appearance of the depression. (Tr. 260-261.) Dr. Steinberg opined that there was no direct, causal relationship between the injury and the depression and, that if the injury had caused the depression, he would have expected appellant to seek treatment for the

depression much closer in proximity to the injury.

{¶ 15} "It is well established that the jury, as the trier of fact, is vested with the power to judge the credibility of witnesses and to determine the weight to be afforded to the evidence presented." *DeCapua v. Rychlik,* Cuyahoga App. No. 91189, 2009-Ohio-2029, at ¶23, quoting *Croft v. State Farm Mutual Auto. Ins. Co.*, 3d Dist. No. 1-01-72, 2002-Ohio-113, citing *Swan v. Skeen* (1974), 40 Ohio App.2d 307, 308-309, 319 N.E.2d 221. A jury is free to accept or reject any or all the testimony of any witness, including testimony of an expert witness. Id., citing *Weidner v. Blazic* (1994), 98 Ohio App.3d 321, 335, 648 N.E.2d 565.

{¶ 16} "[T]he jury is not required to give any additional weight to the opinion of an expert, if any weight at all. Rather, an expert's opinion is admissible, as is any other testimony, to aid the trier of fact in arriving at a correct determination of the issues being litigated. Expert testimony is permitted to supplement the decision-making process of the fact finder, not to supplant it." *Sawyer v. Duncan* (Dec. 14, 2000), Cuyahoga App. No. 78056.

{¶ 17} In the case sub judice, the evidence was susceptible to more than one interpretation. Competing experts with opposite opinions were presented to the jury. Thus, given the evidence set forth above and the presumption that the jury's findings of fact are correct, we cannot conclude that the jury's verdict was against the manifest weight of the evidence.

{¶ 18} Appellant also takes issue with a portion of Dr. Steinberg's testimony regarding the source of the pain that appellant was enduring. Though the court initially allowed Dr. Steinberg to testify on this subject, the court later reversed its ruling because Dr. Steinberg did not include this opinion in his expert report. (Tr. 265-278, 272.) The trial court issued a curative instruction for the jury to disregard this portion of testimony. (Tr. 277.) Curative instructions have been recognized as an effective means of remedying errors or irregularities that occur during trial. *State v. Ghaster*, Cuyahoga App. No. 91576, 2009-Ohio-2134, at ¶20, citing *State v. Zuern* (1987), 32 Ohio St.3d 56, 61, 512 N.E.2d 585. A jury is presumed to follow the instructions, including curative instructions, given it by a trial judge. *State v. Suber*, Cuyahoga App. No. 95455, 2011-Ohio-2396, citing *State v. Elko*, Cuyahoga App. No. 83641, 2004-Ohio-5209; *State v. Hardwick*, Cuyahoga App. No. 79701, 2002-Ohio-496.

{¶ 19} In light of the admissible portions of Dr. Steinberg's testimony discussed above we find that the jury's judgment was supported by competent, credible evidence going to all the material elements of the case.

{¶ 20} Appellant's first assignment of error is overruled.

{¶ 21} Appellant argues in his second assignment of error that the trial court erred in denying his motion for judgment notwithstanding the verdict. Specifically, appellant argues that because Lincoln Electric's expert, Dr. Steinberg, testified that he could not exclude chronic pain as a cause of appellant's depression, the jury's verdict against

appellant was contrary to law.

{¶ 22} We review the denial of a motion for judgment notwithstanding the verdict under the following standard: "The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions." *Posin v. A.B.C. Motor Court Hotel, Inc.* (1976), 45 Ohio St.2d 271, 275, 344 N.E.2d 334.  See, also, Civ.R. 50(B).

{¶ 23} A motion for judgment notwithstanding the verdict tests the legal sufficiency of the evidence. This is a question of law that does not require the reviewing court to weigh the evidence or test the credibility of witnesses.  *Berry v. Lupica*, Cuyahoga App. No. 95393, 2011-Ohio-3462, citing *Ruta v. Breckenridge-Remy Co.* (1982), 69 Ohio St.2d 66, 430 N.E.2d 935.

{¶ 24} We find appellant's argument to be without merit.  As discussed above, Dr. Steinberg opined that he did not relate appellant's depression to chronic pain from the 2001 injury due to the lag time between the injury and the appearance of the depression.   Indeed, appellant's own expert testified that there was no indication of appellant having depression prior to October of 2008. (Tr. 90.) Reasonable minds could

reach different conclusions based on the opposing expert opinions presented in regards to the causes of appellant's major depressive disorder. Lincoln Electric provided sufficient evidence to support its position. Therefore, it was not error for the court to deny plaintiff's motion.

{¶ 25} Appellant's second assignment of error is overruled.

{¶ 26} Appellant argues in his third assignment of error that the trial court erred in denying his motion for a new trial.

{¶ 27} Civ.R. 59(A) provides in pertinent part that "[a] new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: * * * (6) The judgment is not sustained by the weight of the evidence; (7) The judgment is contrary to law; * * * (9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application."

{¶ 28} A trial court's judgment on a Civ.R. 59 motion for a new trial is reviewed under the abuse of discretion standard. *May v. Marc Glassman, Inc.*, Cuyahoga App. No. 93966, 2011-Ohio-1581, at ¶12, citing *Eddingham v. XP3 Corp.*, Portage App. No. 2006-P-0083, 2007-Ohio-7135. The decision to grant a motion for a new trial rests within the sound discretion of the trial court and will not be disturbed upon appeal unless there has been an abuse of that discretion. Id., citing *Pena v. N.E. Ohio Emergency Affiliates, Inc.* (1995), 108 Ohio App.3d 96, 104, 670 N.E.2d 268.

{¶ 29} Appellant presents three separate arguments for a new trial pursuant to

Civ.R. 59(A)(6), (7), and (9). Appellant's arguments under Civ.R. 59(A)(6) and (7) mirror his previously presented arguments in assignments of error one and two and lack merit for the reasons aforementioned. In his Civ.R. 59(A)(9) motion, appellant reiterates his previously presented argument that the trial court erred in permitting Dr. Steinberg to testify regarding the cause of appellant's current complaints of pain. As noted in the first assignment of error, the trial court provided the jury with a curative instruction and a jury is presumed to follow such instructions. We cannot say that the trial court abused its discretion in denying appellant's motion for a new trial on the basis of any of these previously addressed arguments.

{¶ 30} Appellant's third assignment of error is overruled.

{¶ 31} The judgment of the trial court is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

PATRICIA A. BLACKMON, P.J., and
JAMES J. SWEENEY, J., CONCUR

Appendix

*Assignment of Error No. 1*:
> "The Jury's verdict in favor of defendants-appellees was against the manifest weight of the evidence (Journal Entry dated December 9, 2010.)"

*Assignment of Error No. 2*:
> "The Trial Court erred by denying plaintiff-appellant's motion for judgment notwithstanding the verdict (Journal Entry dated January 25, 2011.)"

*Assignment of Error No. 3*:
> "The Trial Court erred by denying plaintiff-appellant's motion for new trial. (Journal Entry dated January 25, 2011.)"